## ACCOUNTS OF EXECUTORS.

[Circuit Court of Hamilton County.]

## ESTATE OF BRIDGET GLENN, DECEASED.

Decided, April 2, 1902.

*Widow—First Year's Support of—Bar of the Statute as to—Presumption in Case of Failure to File Claim—First Years Support for Children—Agreed Statement of Facts Not Made Part of the Record.*

1. The first year's support of widow falls within Section 6113, Revised Statutes, limiting the time for bringing an action against the estate to two years from the appointment of the personal representative; but this limitation runs as to an account against the estate paid by the executrix, from the date of the allowance and confirmation of her account as executrix.    ·.

2. Failure by a widow acting as executrix of her husband's estate to file a claim against his estate raises the presumption that she intended the amount of the claim should inure to the benefit of her children.

3. The provision under Section 6040 for the allowance of a year's support for children under fifteen years of age applies to the estate of their deceased mother as well as that of their deceased father.

4. Where the judgment entry indicates that the case was submitted to the court below upon an agreed statement of facts, the failure to enter such agreed statement of facts formally on record or to file a bill of exceptions, does not deprive a reviewing court of jurisdiction to review the findings of the trial judge.

GIFFEN, J.; SWING, J., and JELKE, J., concur.

Heard on error.

This case was heard in the probate court upon exceptions to the inventory filed, and was submitted upon an agreed statement of facts, the substance of which is as follows:

Martin S. Glenn died in April, 1898, leaving Bridget Glenn, his widow, and three children, aged eleven, eight and six years, respectively.  By his last will and testament he gave all his property, real and personal, to his widow for life, with remainder to his children.  Bridget Glenn was duly appointed and qualified as executrix, and on the —— day of May, 1898,

published notice of her appointment. On July 13, 1898, she
filed an inventory, wherein the appraisers set off the sum of
$500 in money, and merchandise of the value of $——, no part
of said sum of $500 having been paid. On January 30, 1900,
the executrix filed her account in the probate court, which was
allowed and confirmed February 28, 1900. The account con-
tained no charge against the executrix, although she had col-
lected accounts to the amount of $166.77, but it showed a credit
of debts and expenses of administration paid in the sum of
$264.15.

On May 14, 1898, she collected $2,000 life insurance, from
which fund and from her own money she paid debts of the
estate of Martin S. Glenn, other than those mentioned in her
account filed January 30, 1900, in the sum of $1,143.62, and
was not herself indebted to any one. On July 1, 1900, and
subsequently thereto, she became indebted to sundry parties in
the sum of $1,578.23.

Bridget Glenn died intestate January 14, 1901, leaving Mary
and Laura, her children. The inventory of her estate shows
assets in the sum of $2,008.13, of which $600 was set off for the
support of the children. The exceptions filed by the creditors
are to the allowance of $600 to the children, to the omission
from the inventory of the sum of $264.15 paid by Bridget Glenn
for the estate of Martin S. Glenn, as shown by her account as
executrix, filed January 30, 1900, and the further sum of
$1,143.62, paid for the estate of Martin S. Glenn, and also to
the omission of the claim of $500 set off to her for twelve
months' support.

The exceptions were sustained by the probate court, and that
judgment affirmed by the common pleas court.

The exception to the allowance of $600 to the children is
disposed of by the case of *Hinton's Estate, In re,* 64 Ohio St.,
485, and should have been overruled. (See also Section 6040,
Revised Statutes, providing for allowance of year's support
to children under fifteen years).

As to the claim that the sum of $1,143.62 paid to Bridget
Glenn for the estate of Martin S. Glenn is a debt of the latter,
the burden of proof is upon the creditors excepting to the in-

ventory. The only evidence in support of it is the payment itself, while on the other hand, the failure of Bridget Glenn to file any account of such claim, or institute proceedings for its allowance and collection, raises a strong presumption that she did not intend to charge it against her husband's estate, but that it should inure to their children. We think, therefore, that the court erred in sustaining the exception to this claim.

The exception as to the omission from the inventory of the sum of $264.15, we think, therefore, was properly sustained, because in the account filed January 30, 1900, there appears this statement: "Paid by Bridget Glenn, widow," thereby showing an intention to charge the same against the estate of her husband.

It is urged, however, that the claim was barred by the statute of limitations of two years provided by Section 6113, Revised Statutes; but we think that the limitation began to run only from the allowance and confirmation of the account by the probate court on February 28, 1900.

The debt owing to Bridget Glenn as an allowance from the estate of Martin S. Glenn for her support being a preferred claim, the presumption is that she applied the book accounts collected in part payment thereof. The residue of the claim is barred under Section 6113, Revised Statutes.

It is contended finally that, there being no bill of exceptions, and the agreed statement of facts not being formally made part of the record, this court can not consider it. The facts being agreed upon by the parties, no bill of exceptions was required, and the judgment entry showing that the case was submitted upon the agreed statement of facts, there would seem to be no necessity for a further entry to make such statement a part of the record. *Ish* v. *Crane*, 13 Ohio St., 574; *Brown* v. *Mott*, 22 Ohio St., 149; *McGonnigle* v. *Arthur*, 27 Ohio St., 251.

Judgment of the common pleas and probate courts reversed and cause remanded.

*Jacob Krummel* and *John J. Gasser*, for plaintiff in error. *Closs & Luebbert*, contra.